United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-50876
Summary Calendar

TRACI TRUITT,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 1:05-CV-731)

Before REAVLEY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Reviewing under the same standard as the district court, we affirm the ALJ's final

decision denying Truitt's claim for disability insurance benefits and supplemental

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

security benefits under the Social Security Act, 42 U.S.C. § 401 et seq., for the following reasons:

1.  This court's review of the Commissioner's decision is limited to determining whether the Commissioner used proper legal standards to evaluate the evidence and whether the decision is supported by substantial evidence. See Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). We find that the ALJ's decision comports with the legal standards for disability determination set forth by this Court under the Act and relevant regulations. The ALJ's decision reflects that he properly considered all of the evidence of record concerning Truitt's condition, including the objective findings in her treatment records, her treatment history, the findings of consultative examiners Dr. Tadlock, Dr. Hirsch, Dr. Dubin, and Dr. Harrell, the assessments of the non-examining state agency physicians, testimony of a vocational expert, Truitt's testimony, and her activity level.

    The ALJ's decision further indicates that he recognized and applied the relevant legal standards in assessing Truitt's residual functional capacity and the credibility of her subjective allegations. The record also reflects that the ALJ properly considered all of Truitt's symptoms, including pain, and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical and other evidence.

2.  We find there is substantial evidence of record supporting the ALJ's

determination that Truitt is not disabled within the meaning of the Act. See Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995). The medical evidence does not indicate that Truitt was unable to ambulate effectively due to her ankle injury or that she had the requisite number of depressive symptoms or marked functional limitations as required to establish a listed or equivalent joint dysfunction or mental health impairment.

The medical records indicate that Truitt sought very little treatment for her ankle after the fracture healed and stabilizing hardware was removed. Although subsequent x-ray and physician examinations reflect some deformity of her ankle resulting in some pain and limitation, the medical evidence does not indicate that Truitt's ankle pain was so debilitating that she could not perform any work.

Truitt's mental health records reveal that, although she was diagnosed with certain mental impairments, her symptoms were controlled, stable, and generally mild. These treatment records also indicate that Truitt was "somewhat dramatic," was not consistently compliant with her medication, and, in the opinion of one examiner, exaggerated her psychological symptoms and problems in an attempt to create the impression of severe psychopathology.

Finally, testimony from a vocational expert provides substantial evidence to support the ALJ's decision that Truitt was able to perform her

3

past relevant work as an electronics assembler, given the specific limitations of her residual functional capacity.

AFFIRMED.